1

2

3

4

5

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SAMMY L. PAGE,

11            Plaintiff,                    1:06-CV-1409 ALA P

12        vs.

13   ARNOLD SCHWARZENEGGER, et al.,

14            Defendants.              <u>ORDER</u>

15   _____/

16        Plaintiff is a state prisoner proceeding pro se and in forma pauperis.  He seeks relief

17   pursuant to 42 U.S.C. § 1983.

18        Pursuant to 28 U.S.C. § 1915(e)(2), this Court is directed to dismiss a case at any time if

19   it determines that the action is frivolous, malicious or fails to state a claim upon which relief may

20   be granted.  A claim "is frivolous [if] it lacks an arguable basis either in law or in fact."  *Neitzke*

21   *v. Williams*, 490 U.S. 319, 325 (1989).  "At this stage of the litigation, [this Court] must accept

22   [Plaintiff's] allegations as true."  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  "A court

23   may dismiss a complaint only if it is clear that no relief could be granted under any set of facts

24   that could be proved consistent with the allegations."  *Id.*  "To sustain an action under section

25   1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting

26   under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional

1

or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cr. 2006).

Plaintiff claims he filed suit to, "enjoin the named [d]efendants from egregiously and flagrantly depriving Plaintiff housed at Coalinga State [H]ospital of rights, protected by the Constitution and laws of the United States." Complaint at 5. Among Plaintiff's specific complaints are that "facility supports and services substantially depart from generally accepted professional standards of care," "the sexual treatment program is flagrantly inadequate," and that some defendants "follow an unconstitutional Jan. 04 clinical handbook." Complaint at 7-9. However, Plaintiff provides no authority or analysis to support any of his claims.

Plaintiff references 42 U.S.C. § 1997, known as the Civil Rights of Institutionalized Persons Act, several times throughout his complaint as well as the due process protections of the Fourteenth Amendment and the Americans with Disabilities Act. Complaint at 4-11. However, other than vague references Plaintiff supplies no legal authority to support his assertions.

Further, Plaintiff does not provide any examples of specific acts or instances of facts which would support Plaintiff's claims. Finally, Plaintiff's complaint is devoid of any law to fact analysis. As such, this court cannot determine if Plaintiff has any claim upon which relief may be granted and will therefore dismiss this complaint with leave to amend.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, Plaintiff is informed that the court cannot refer to a prior pleading in order to

1   make Plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

2   complaint be complete in itself without reference to any prior pleading.  This is because, as a

3   general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375

4   F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff files an amended complaint, the original pleading no

5   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

6   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

7   /////

8         Accordingly, IT IS HEREBY ORDERED that:

9         1.  Plaintiff's complaint is dismissed with leave to amend; and

10         2.  Plaintiff may file an amended complaint within thirty-five (35) days of the date

11   of this order.  Failure to due so will result in the dismissal of this action.

12

13   DATED: October 23, 2007

14                /s/ Arthur L. Alarcón
                       UNITED STATES CIRCUIT JUDGE
                       Sitting by Designation

15

16

17

18

19

20

21

22

23

24

25

26