1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   SAMMY L. PAGE,                                  CASE NO. 1:06-cv-01409 LJO DLB PC

10                        Plaintiff,               FINDINGS AND RECOMMENDATIONS
                                                   RECOMMENDING THAT THIS ACTION BE
11      v.                                         DISMISSED FOR PLAINTIFF'S FAILURE TO
                                                   STATE A CLAIM
12   STATE OF CALIFORNIA, et al.,
                                                   (Doc. 29)
13                        Defendants.
                                        /
14

15                              **Findings and Recommendations**

16   **I.      Screening Requirement**

17          Plaintiff Sammy Page ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis

18   in this civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 12132 (Americans with

19   Disabilities Act). Plaintiff, a detainee at Coalinga State Hospital in Coalinga, California, filed this

20   action on January 26, 2006. On October 23, 2007, plaintiff's complaint was dismissed with leave

21   to amend. Plaintiff filed a first amended complaint on November 15, 2007. Plaintiff is seeking

22   declaratory and injunctive relief for claims arising out of the conditions of his confinement at the

23   hospital.

24          "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court

25   shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state

26   a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "Rule 8(a)'s simplified

27   pleading standard applies to all civil actions, with limited exceptions," none of which applies to

28   section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).

1  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing

2  that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give

3  the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."

4  Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading standard . . . applies only to a

5  plaintiff's factual allegations."  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal

6  interpretation of a civil rights complaint may not supply essential elements of the claim that were not

7  initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting

8  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

9  **II.    Summary of Plaintiff's Amended Complaint**

10     Plaintiff alleges a claim for relief against the State of California, Governor Arnold

11  Schwarzenegger, Department of Mental Health Director Stephen Mayberg, Coalinga State Hospital

12  Executive Director Norm Kramer, Psychologist David M. Wangi, Clinical Psychologist John Hupka,

13  and Clinical Psychologist Jeremy Coles. Plaintiff seeks injunctive relief enjoining defendants from

14  violating his constitutional rights.  Plaintiff alleges claims against all defendants in their official

15  capacities.

16     Plaintiff's claim against the State of California is barred because the state is entitled to

17  immunity from suit in federal court.  Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th

18  Cir. 2007).

19     **A.    Plaintiff's Claims Regarding His Psychiatric Diagnosis and Re-commitment**

20     Plaintiff alleges that the facility's psychiatric supports and services have substantially

21  departed from generally accepted professional standards of care.  Plaintiff alleges that defendants

22  Schwarzenegger, Mayberg, and Kramer failed to contract qualified psychiatrists for residential

23  treatment conferences, and that all defendants have failed to provide adequate and appropriate

24  psychiatric treatment planning. Plaintiff alleges that defendants Mayberg, Kramer, Hupka and Coles

25  failed to provide a valid and reliable diagnosis. Plaintiff contends that "paraphilia nos-nonconsent",

26  with which he has been diagnosed, is not a recognized disorder, and that his re-commitment by

27  defendants Hupka, Cole, with the endorsement of defendant Mayberg, is therefore a violation of Due

28  Process.  Plaintiff seeks injunctive relief enjoining defendants from continuing the "acts, omissions,

1   and practices" as detailed above.

2       The inadequacy of remedies at law is a prerequisite to the issuance of equitable relief, and

3   a petition for writ of habeas corpus may become an adequate remedy where future wrongful

4   prosecution is feared, such as further re-commitment. O'Shea v. Littleton, 414 U.S. 488, 502 (1974);

5   see also Page v. Finnberg, 2008 WL 2951332 (9th Cir CA, 2008).

6       In O'Shea, two plaintiffs brought a civil rights action alleging that defendants had engaged

7   under color of state law, in a continuing pattern and practice of conduct consisting of illegal bond-

8   setting, sentencing, and jury-fee practices in criminal cases.  Plaintiffs sought injunctive relief to

9   prevent future deprivations of constitutional rights.  There, the Supreme Court held,

> The Court has recently reaffirmed the 'basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief.' Younger v. Harris, 401 U.S. 37, 43-44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971). Additionally, recognition of the need for a proper balance in the concurrent operation of federal and state courts counsels restraint against the issuance of injunctions against state officers engaged in the administration of the State's criminal laws in the absence of a showing of irreparable injury which is "both great and immediate." In holding that 42 U.S.C. s 1983 is an act of Congress that falls within the 'expressly authorized' exception to the absolute bar against federal injunctions directed at state court proceedings provided by 28 U.S.C. s 2283, the Court expressly observed that it did not intend to 'question or qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding.' Those principles preclude equitable intervention in the circumstances present here.

> [Plaintiffs] do not seek to strike down a single state statute, either on its face or as applied; nor do they seek to enjoin any criminal prosecutions that might be brought under a challenged criminal law. In fact, [plaintiffs] apparently contemplate that prosecutions will be brought under seemingly valid state laws. What they seek is an injunction aimed at controlling or preventing the occurrence of specific events that might take place in the course of future state criminal trials. The order the Court of Appeals thought should be available if [plaintiffs] proved their allegations would be operative only where permissible state prosecutions are pending against one or more of the beneficiaries of the injunction. Apparently the order would contemplate interruption of state proceedings to adjudicate assertions of noncompliance by petitioners. This seems to us nothing less than an ongoing federal audit of state criminal proceedings which would indirectly accomplish the kind of interference that Younger v. Harris, supra, and related cases sought to prevent.

> A federal court should not intervene to establish the basis for future intervention that would be so intrusive and unworkable. In concluding that injunctive relief would be available in this case because it would not interfere with prosecutions to be commenced under challenged statutes, the Court of Appeals misconceived the underlying basis for withholding federal equitable relief when the normal course of criminal proceedings in the state courts would otherwise be disrupted. The objection is to unwarranted anticipatory interference in the state criminal process by means of

continuous or piecemeal interruptions of the state proceedings by litigation in the federal courts; the object is to sustain '(t)he special delicacy of the adjustment to be preserved between federal equitable power and State administration of its own law.' An injunction of the type contemplated by [plaintiffs] and the Court of Appeals would disrupt the normal course of proceedings in the state courts via resort to the federal suit for determination of the claim ab initio, just as would the request for injunctive relief from an ongoing state prosecution against the federal plaintiff which was found to be unwarranted in Younger....Moreover, because an injunction against acts which might occur in the course of future criminal proceedings would necessarily impose continuing obligations of compliance, the question arises of how compliance might be enforced if the beneficiaries of the injunction were to charge that it had been disobeyed. Presumably, any member of respondents' class who appeared as an accused before petitioners could allege and have adjudicated a claim that petitioners were in contempt of the federal court's injunction order, with review of adverse decisions in the Court of Appeals and, perhaps, in this Court. Apart from the inherent difficulties in defining the proper standards against which such claims might be measured, and the significant problems of proving noncompliance in individual cases, such a major continuing intrusion of the equitable power of the federal courts into the daily conduct of state criminal proceedings is in sharp conflict with the principles of equitable restraint which this Court has recognized in the decisions previously noted. (footnotes and internal citations omitted).

Standing for federal habeas relief is available to a California sexually violent predator challenging his civil commitment, or any future petition to recommit him. Huftile v. Miccio-Fonseca, 410 F.3d 1141-2 (9th Cir.2005). Therefore, plaintiff has an adequate remedy at law, if at any future recommitment proceedings defendants rely on what plaintiff alleges is a unrecognized medical disorder. Plaintiff's sole remedy is to file a petition for habeas corpus.

**B.     Plaintiff's ADA Claim**

Plaintiff further alleges that the allegations as set forth above concerning the inadequate psychiatric treatment received is in violation of the Americans with Disabilities Act.

Title II of the Americans with Disabilities Act (ADA) " prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052.

The treatment, or lack of treatment, concerning Plaintiff's medical condition does not provide a basis upon which to impose liability under the ADA. Burger v. Bloomberg, 418 F.3d 882, 882 (8th Cir. 2005) (medical treatment decisions not a basis for RA or ADA claims); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (Medical decisions not ordinarily within scope of ADA or RA); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice.").

Plaintiff's allegation that he is not receiving adequate mental health services or treatments does not establish a cognizable claim for liability for violation of the Americans with Disabilities Act.

### C.    Plaintiff's Allegation of Forced Treatment

Plaintiff contends that he is being punished for refusing to attend and participate in monthly treatment conferences. Plaintiff alleges that defendant Wangi has restricted plaintiff's privileges, including his ability to move around the facility without escorts and to access the canteen store, mainyard, and gymnasium. Plaintiff's alleges a violation of due process.

Sexual offenders civilly confined under the Sexually Violent Predators Act (SVPA) do not have an expectation to be free from treatment under the state SVPA law. Hydrick at 995. As the Court of Appeals explained,

> an individual who has been designated an SVP has been found, under California law, to have "a diagnosed mental disorder that makes the person a danger to the health and safety of others." Cal. Welf. & Inst.Code § 6600(a)(1). Once a jury designates someone an SVP, California law *requires* that the SVP be provided "treatment for his or her diagnosed mental disorder." *Id.* § 6606(a). Moreover, the SVP commitment statute gives the Department of Mental Health Services the authority to forcibly medicate an SVP for purposes of treatment. Id.§ 6606(b).

Plaintiff has no expectation to be free from treatment, and therefore he fails to state a cognizable claim for violation of his due process rights.

### D.    Plaintiff's Fifth Amendment Claim

Plaintiff alleges that section 24 of the Sexual Predator Punishment and Control Act ("SPPCA") as endorsed and enacted by defendant Schwarzenegger violates the double jeopardy and the ex post facto clauses. Section 24 makes various amendments to Section 6600 of the Welfare and Institutions Code § 6600 et seq.

1    In <u>Seling v. Young</u> 531 U.S. 250 (2001), the Supreme Court held that a sexually violent

2    predator law was not subject to as-applied Ex Post Facto and Double Jeopardy challenges based on

3    the lack of treatment received by a particular detainee under the law. <u>Id</u>. at 263. <u>See</u> <u>also</u> <u>Hydrick</u>

4    <u>v. Hunter</u> 500 F.3d 978, 993 (9th Cir. 2007) (holding that an Act, found to be civil, cannot be punitive

5    as applied to a single individual in violation of the Double Jeopardy and Ex Post Facto clauses, and

6    claims based on these clauses of the federal constitution are foreclosed).

7    To the extent that plaintiff is challenging the revisions to the Cal. Welfare and Institutions

8    Code §6600 <u>et seq</u> as violative of the Ex Post Facto or Double Jeopardy Clauses, plaintiff's claim

9    is foreclosed.

10   **III    Conclusion**

11   Based on the foregoing, it is HEREBY RECOMMENDED that this action be dismissed for

12   failure to state a claim upon which relief may be granted. Plaintiff was previously afforded an

13   opportunity to amend his complaint, and still is unable to state a cognizable claim for relief.

14   Therefore, the court recommends that plaintiff not be given further leave to amend.

15   These Findings and Recommendations will be submitted to the United States District Judge

16   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**

17   **days** after being served with these Findings and Recommendations, plaintiff may file written

18   objections with the court. The document should be captioned "Objections to Magistrate Judge's

19   Findings and Recommendations." Plaintiff is advised that failure to file objections within the

20   specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d

21   1153 (9th Cir. 1991).

22   IT IS SO ORDERED.

23   **Dated:    August 19, 2008           /s/ Dennis L. Beck**
     UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

6