# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SAMMY PAGE,

Plaintiff,

v.

STATE OF CALIFORNIA, et al.,

Defendants.

_______________________________________/

CASE NO. 1:06-cv-01409 LJO DLB PC

ORDER RE REQUEST TO VACATE MAGISTRATE JUDGE JURISDICTION

(Doc. 33)

Plaintiff Sammy Page ("plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 14, 2006. (Doc. 1.) On October 23, 2006, plaintiff filed a notice of consent to Magistrate Judge jurisdiction. (Doc. 11.) On January 14, 2008, plaintiff filed a request to vacate his consent to Magistrate Judge jurisdiction. (Doc. 33) In support of his motion, plaintiff cites Fed. Rules. Civ. P. 73 (outlining magistrate judge jurisdiction at trial, if all parties consent), 1 (concerning the scope of the Federal Rules of Civil Procedure), and Local Rule 1-100(c) (concerning the construction of the local rules).

There is a distinction between assignment of an action to a Magistrate Judge pursuant to 28 U.S.C. 636(b) and reassignment of an action to a Magistrate Judge pursuant to 28 U.S.C. § 636(c), and it appears that plaintiff may not understand the distinction. When an action is filed, it is assigned to a United States District Judge and a United States Magistrate Judge. If all the parties consent to Magistrate Judge jurisdiction pursuant to 636(c), the action is reassigned by the United States District Judge assigned to the case to the Magistrate Judge assigned to the case, and the Magistrate

Judge conducts all further proceeding, including trial. When plaintiff filled out the consent/decline form and checked the box marked "Consent," he was consenting pursuant to section 636 (c). However, plaintiff's consent did not result in reassignment of this action to a Magistrate Judge. Cases are reassigned to a Magistrate Judge only if all parties consent. If one or more parties decline Magistrate Judge jurisdiction, the District Judge will resolve all dispositive matters and conduct the trial, if there is one. This action has not been reassigned to a Magistrate Judge because although plaintiff consented to Magistrate Judge jurisdiction, defendants have not yet appeared in this action and thus have not consented.

Turning to assignment of an action to a Magistrate Judge pursuant to section 636(b), section 636(b)(1) provides that

> (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief may be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.
>
> (B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion, excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

When this action was opened, it was referred to a Magistrate Judge pursuant to section 636(b) and Local Rule 72-302. Regardless of whether or not the parties consent to Magistrate Judge jurisdiction, actions such as this are always referred to a Magistrate Judge for non-dispositive matters and for the issuance of Findings and Recommendations on dispositive matters. Thus, even if plaintiff no longer wishes to consent to Magistrate Judge jurisdiction, the Magistrate Judge assigned to the case is still responsible for overseeing much of the proceedings in this case.

Once a civil case is referred to a magistrate judge under 636(c), the reference can be withdrawn by the court only "for good cause shown on its own motion, or under extraordinary circumstances shown by any party." Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993). "There is no

absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge." Id. Since this action has not yet been reassigned to a Magistrate Judge pursuant to section 636(c), plaintiff may fill out another consent/decline form declining Magistrate Judge jurisdiction. The court will direct the Clerk's Office to provide plaintiff with a new form. By this order, plaintiff now stands informed, however, that if he decides to decline Magistrate Judge jurisdiction, his decision does not affect the referral of this action to the undersigned made pursuant to section 636(b).

In conclusion, plaintiff's motion for referral of this action to a District Judge and/or to withdraw consent is unnecessary, as this action has not been reassigned to a Magistrate Judge and remains assigned to United States District Judge Robert E. Coyle. In the event that plaintiff wishes to decline Magistrate Judge jurisdiction, he may still do so, as the action has not been reassigned to a Magistrate Judge. If, after reviewing this order, plaintiff wishes to stand by his consent of October 14, 2003, plaintiff need not take any further action and may discard the consent/decline form.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion, filed May 17, 2004, is denied as unnecessary;
2. The Clerk's Office shall send plaintiff a consent/decline form;
3. If plaintiff wishes to decline Magistrate Judge jurisdiction, plaintiff must fill out the form and return it to the court; and
4. If plaintiff does not wish to decline Magistrate Judge jurisdiction and wishes to stand by his consent, plaintiff need not take any action.

IT IS SO ORDERED.

**Dated:** **August 19, 2008**

/s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE